**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MILLSAP & SINGER, P.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CV-1915 CAS |
| ) | |
| IONE BROCKHOUSE, and ) | |
| UNITED STATES OF AMERICA, ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF TRANSFER

This matter is before the Court on its own motion. This case was originally filed in the Circuit Court of Jackson County, Missouri, and was removed to this Court by defendant United States of America, Internal Revenue Service, on November 8, 2007. The Notice of Removal states that the case was removed pursuant to 28 U.S.C. § 1442(a), which provides for the removal of any action in which an agency of the United States is a defendant, and 28 U.S.C. § 1444, which provides for the removal of any action brought under 28 U.S.C. § 2410. The Notice of Removal further states that plaintiff's petition in interpleader was brought under 28 U.S.C. § 2410(a)(5) with respect to personal property on which the United States claims a lien.

One of the removal statutes cited by the United States, Section 1444, states: "Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States <u>to the district court of the United States for the district and division in which the action is pending</u>." (Emphasis added). 28 U.S.C § 1444. The other removal statute cited by the United States, Section 1442(a), states: "A civil action or criminal prosecution commenced in a State

court against any of the following may be removed by them <u>to the district court of the United States for the district and division embracing the place wherein it is pending</u>[.]"

The Court interprets these statutes to mean that plaintiff's petition in interpleader filed in the Jackson County Circuit Court should have been removed to the United States District Court for the Western District of Missouri in Kansas City, rather than to this Court. Where a defendant mistakenly removes an action filed in state court to the wrong district, the defect in removal may be treated as similar to an improper venue situation. 17 James Wm. Moore, et al., <u>Moore's Federal Practice</u> § 111.38 (3d ed. 2007). As a result, courts will transfer the action under 28 U.S.C. § 1406(a), the improper venue transfer statute, rather than remanding the case for improper removal. <u>Id.</u>; <u>see</u>, <u>e.g.</u>, <u>S.W.S. Erectors, Inc. v. Infax, Inc.</u>, 72 F.3d 489, 494 n.2 (5th Cir. 1996). The Court issued a Memorandum and Order on November 20, 2007, which directed the United States to show cause why this case should not be transferred to the United States District Court for the Western District of Missouri on the Court's own motion.

The United States filed its response to the Court's Order, which states that it concurs the action should be transferred. The plaintiff was granted an opportunity to also respond to the Court's Order, but the time to do so has passed and no response has been filed.

Accordingly, on the Court's own motion,

**IT IS HEREBY ORDERED** that this matter is **TRANSFERRED** to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. § 1406(a).

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of December, 2007.